1 | JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
2 | ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
3 | Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
4 | Facsimile: +1 650 614 7401

5 | RYAN D. BOOMS (STATE BAR NO. 329430)
rbooms@orrick.com
6 | ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
7 | Washington, D.C. 20037
Telephone: +1 202 339-8400
8 | Facsimile: +1 202 339-8500

9 | Attorneys for Defendant
Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW U.D. STRAW,<br><br>      Plaintiff,<br><br>  v.<br><br>FACEBOOK,<br><br>      Defendant. | Case No. 24-cv-8625-PHK<br><br>**DEFENDANT META PLATFORMS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: March 28, 2025<br>Time: 1:00 pm<br>Courtroom: F, 15th Floor<br>Judge: Hon. Peter H. Kang |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................2
II. FACTUAL BACKGROUND ..........................................................................................2
    A. Plaintiff's Allegations ..........................................................................................2
    B. Meta's Terms of Service ......................................................................................3
III. LEGAL STANDARD......................................................................................................4
IV. ARGUMENT ...................................................................................................................5
    A. The Complaint Fails to State a Claim Against Meta for Tortious Interference. ...........................................................................................................5
    B. Section 230 of the Communications Decency Act Independently Bars Plaintiff's Claim....................................................................................................8
        1. Meta is an interactive computer service provider. ...................................10
        2. The content at issue was provided by another information content provider. ....................................................................................................10
        3. Plaintiff's claim seeks to hold Meta liable as a "publisher." ......................11
    C. Plaintiff Should Not Be Granted Leave to Amend. ...............................................11
V. CONCLUSION...............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................4

*Becerra v. Dr Pepper/Seven Up, Inc.*,
    945 F.3d 1225 (9th Cir. 2019) ...................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................5

*Cont'l Advisors S.A. v. GSV Asset Mgmt., LLC*,
    No. 14-CV-05609-YGR, 2015 WL 7720752 (N.D. Cal. Nov. 30, 2015).............5, 8

*Cross v. Facebook, Inc.*,
    14 Cal. App. 5th 190 (2017) .....................................................................................9

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
    902 P.2d 740 (1995)..................................................................................................7

*Dolin v. Facebook, Inc.*,
    No. 18-CV-0950-SBA, 2018 WL 2047766 (N.D. Cal. May 2, 2018)...............5, 6, 7

*Fed. Agency of News LLC v. Facebook, Inc.*,
    432 F. Supp. 3d 1107 (N.D. Cal. 2020) ........................................................9, 10, 11

*First Am. Cinema, LLC v. Chicken Soup for the Soul Ent., Inc.*,
    No. CV199577PSGGJSX, 2020 WL 11025582 (C.D. Cal. Mar. 12, 2020)....2, 6, 8, 11

*Garcia v. Enter. Holdings, Inc.*,
    78 F. Supp. 3d 1125 (N.D. Cal. 2015) ......................................................................4

*Johnson v. Meta Platforms, Inc.*,
    No. 22-CV-05691-BLF, 2023 WL 5021784 (N.D. Cal. Aug. 4, 2023)..................7, 8

*Kimzey v. Yelp! Inc.*,
    836 F.3d 1263 (9th Cir. 2016) .................................................................................12

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ............................................................................................7

*Lewis v. Google LLC*,
    461 F. Supp. 3d. 938 (N.D. Cal. 2020) ...................................................................10

*Loomer v. Zuckerberg*,
    No. 22-CV-02646-LB, 2023 WL 6464133 (N.D. Cal. Sept. 30, 2023).........9, 10, 11

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) (en banc) .................................................................................11

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
    521 F.3d 1097 (9th Cir. 2008) ...............................................................................................4

*Narog v. Certegy Check Servs., Inc.*,
    759 F. Supp. 2d 1189 (N.D. Cal. 2011) .................................................................................5

*Olson v. World Fin. Grp. Ins. Agency, LLC*,
    No. 24-CV-00477-EJD, 2024 WL 3498572 ..........................................................................6

*Papasan v. Allain*,
    478 U.S. 265 (1986) ...............................................................................................................5

*Reaud v. Facebook Inc.*,
    No. 23-CV-06329-AMO, 2024 WL 4126066 (N.D. Cal. Sept. 9, 2024) .....................9, 11, 12

*Shared.com v. Meta Platforms, Inc.*,
    No. 22-CV-02366-RS, 2022 WL 4372349 (N.D. Cal. Sept. 21, 2022) ..............................9, 11

*Sikhs for Just., Inc. v. Facebook, Inc.*,
    697 F. App'x 526 (9th Cir. 2017) ..........................................................................9, 10, 11, 12

*Silicon Labs Integration, Inc. v. Melman*,
    No. C-08-04030-RMW, 2010 WL 890140 (N.D. Cal. Mar. 8, 2010) ....................................7

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*,
    521 F. Supp. 3d 929 (S.D. Cal. 2021) .................................................................................6, 8

*Song v. Drenberg*,
    No. 18-CV-06283-LHK, 2019 WL 1998944 (N.D. Cal. May 6, 2019) .................................6

*Sybersound Recs., Inc. v. UAV Corp.*,
    517 F.3d 1137 (9th Cir. 2008) ...............................................................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 14 U.S. 308 (2007) ..........................................................................................................4

*Tiffany (NJ) Inc. v. eBay Inc.*,
    600 F.3d 93 (2d Cir. 2010) .....................................................................................................8

*Verde Media Corp. v. Levi*,
    No. 14-CV-00891-YGR, 2015 WL 374934 (N.D. Cal. Jan. 28, 2015) .................................6

*Weintraub Fin. Servs., Inc. v. Boeing Co.*,
    No. 20-CV-3484-MWF, 2020 WL 6162801 (C.D. Cal. Aug. 7, 2020) .................................7

*Williams v. Peralta Cmty. Coll. Dist.*,
    227 F.R.D. 538 (N.D. Cal. 2005) ...........................................................................................5

*Yoon v. Meta Platforms, Inc.*,
    No. 24-CV-02612-NC, 2024 WL 5264041 (N.D. Cal. Dec. 30, 2024) ................................... 4

*Zimmerman v. Facebook, Inc.*,
    No. 19-CV-04591-VC, 2020 WL 5877863 (N.D. Cal. Oct. 2, 2020) ..................................... 9

**Statutes**

47 U.S.C. § 230 .............................................................................................................. 9, 10

**Other Authorities**

Civ. L.R. 3-9 ........................................................................................................................ 5

Rule 12(b)(6) .................................................................................................................. 2, 4

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on March 28, 2025, at 1:00 PM, or as soon thereafter as may be heard by the Honorable Judge Peter H. Kang, United States District Court, San Francisco Courthouse, Courtroom F – 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Meta Platforms, Inc. will and hereby does move to dismiss Plaintiff's Complaint on the grounds that Plaintiff fails to state a claim upon which relief can be granted and Plaintiff's claim is moreover barred by Section 230(c)(1) of the Communications Decency Act, 47 U.S.C. § 230(c)(1).

This motion is based upon this notice of motion and motion, the memorandum of points and authorities in support thereof, the proposed order filed concurrently herewith, all pleadings and papers on file in this action, the arguments of counsel, and upon such further oral and written argument and evidence as may be presented at or prior to the hearing on this motion.

Dated: February 12, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Jacob M. Heath

Attorney for Defendant
META PLATFORMS, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

Meta Platforms, Inc. (f/k/a Facebook, Inc.) ("Meta")[1] respectfully submits this Memorandum of Law in Support of Meta's Motion to Dismiss Plaintiff Andrew U.D. Straw's Complaint with Prejudice.

## I. INTRODUCTION

Plaintiff Andrew U.D. Straw ("Plaintiff") sued Meta alleging a single cause of action for tortious interference with business relations. As best one can tell from Plaintiff's Complaint, his claim stems from Meta's purported suspension of his "account" and "[his] law firm business page for opposing the discrimination of a state supreme court that was [his] employer." Among other relief, Plaintiff seeks *$5 million in damages* and an order requiring that Meta not interfere with his use of Meta services. As established herein, Plaintiff's Complaint fails in its entirety and this case should be dismissed, *with prejudice*.

*First,* pursuant to Rule 12(b)(6), Plaintiff has failed to plead facts that state a viable claim for tortious interference with business relations under California law. Crucially, Plaintiff fails to plead facts to establish Meta's knowledge of any specific relationships allegedly interfered with, any active intent to disrupt those relationships, or any independent wrongful act.

*Second,* Section 230 of the Communications Decency Act ("Section 230") bars Plaintiff's claim. The Northern District of California has consistently applied Section 230 to dismiss with prejudice complaints where, as here, a plaintiff alleged that Meta improperly removed third-party content from Facebook. There is no doubt that Plaintiff here seeks to hold Meta liable for its decision to disable his Facebook Page and as such, is barred by Section 230. For all these reasons, Plaintiff's Complaint should be dismissed with prejudice.

## II. FACTUAL BACKGROUND

### A. Plaintiff's Allegations

Meta operates Facebook, an online service that enables users to connect, share, discover, and communicate with friends, family, and communities on mobile devices and personal

---

[1] Plaintiff erroneously sued "Facebook." Meta was formerly known as Facebook, Inc. It changed its name to Meta on October 28, 2021. For ease of reference, Meta refers to itself as Meta herein.

computers. Plaintiff is *pro se* and claims to be a U.S. citizen residing in the Philippines and an attorney purportedly licensed at the United States Court of Appeals for the Fourth Circuit. Dkt. 1, Complaint ("Compl.") ¶¶ 3, 5. On December 2, 2024, Plaintiff sued Meta, alleging it suspended Plaintiff's Facebook Page for his law firm. *Id.* ¶¶ 1, 40.

According to Plaintiff, Facebook notified him of a policy violation and that his Page was subsequently suspended. *See id.* ¶ 21; *see also* ¶¶ 18, 40, and 42. Plaintiff claims that as a result of the suspension, he has purportedly been "stripped … of the ability to fellowship with others of the like mind and comment to them about [his] own struggles…" and of "clients targeted to [him] and [his] resume…." *See id.* ¶¶ 22-23. Although Plaintiff does not allege that he has any existing client(s), Plaintiff suggests that the alleged suspension of his purported law firm's Facebook Page "affect[ed] ***any client [he] may have*** in the Fourth Circuit U.S. Court of Appeals" (*id.* at p. 1) and "impact[ed] … [his] ability to communicate with disabled clients ***who may wish to have [his] services***" (*id.* ¶ 27). Plaintiff further alleges that the suspension of his page "caused … permanent injury to [his] emotions and [his] prospective business relationships … thus representing tortious interference with business relationships between [himself] and millions of people[.]" *Id.* at p. 1. Nowhere in his Complaint does Plaintiff identify an actual business relationship with any prospective client or individual.

In his Prayer for Relief, Plaintiff requests (1) $5 million dollars; (2) a finding that Meta "violated [his] rights as lawyer and business owner not to experience retaliation for [his] advocacy and attempts to educate clients and the public across state lines in a deliberate fashion without remorse or compassion"; (3) an order that Meta not interfere with his use of its service; and (4) "any and all other relief, including attorney fees should [he] obtain counsel, appropriate to the Court." *Id.* ¶ 49.

### B. Meta's Terms of Service

Plaintiff acknowledges that he is a Facebook user. Compl. ¶¶ 1, 40. Every person who uses the Facebook service agrees to the Terms of Service ("TOS") as a condition of using the Facebook service. *See* Declaration of Michael Duffey ("Duffey Decl.") ¶ 3. Therefore, Plaintiff's use of Facebook is governed by the TOS. Among other things, the TOS expressly reserves Meta's right

to suspend accounts or remove content, and makes no guarantees that Meta's services will be provided without disruption:

> [Meta] can remove or restrict access to content that is in violation of [the TOS]. [Meta] can also suspend or disable your account for conduct that violates these provisions, as provided in Section 4.B. … [Meta's] Products, however, are provided "as is," and [Meta] make[s] no guarantees that they always will be safe, secure, or error-free, or that they will function without disruptions, delays, or imperfections. . . [Meta] cannot predict when issues might arise with [its] Products.

*See* Duffey Decl., Exs. A and B §§ 3.2, 4.3.[2]

## III. LEGAL STANDARD

A complaint must be dismissed where it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal is appropriate "where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."

---

[2] Exhibits A and B are each a copy of the TOS that was in force at the time of the purported suspension (*i.e.*, some unspecified time in 2024 before November 23, 2024 [*see* Compl. ¶¶ 21, 37]); Exhibit B is a copy of the TOS, published by Meta and preserved by the Internet Archive's WayBack Machine as the TOS existed on December 8, 2024. The terms are identical between Exhibits A and B. As discussed in Meta's concurrently filed Request for Judicial Notice, the Court should consider Exhibits A and B because, in ruling on a motion to dismiss, the Court "must consider the complaint in its entirety, as well as … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 14 U.S. 308, 322 (2007). The TOS attached as Exhibit B is from a publicly accessible website—the Internet Archive's Wayback Machine—and is thus a proper subject of judicial notice. *See Yoon v. Meta Platforms, Inc.*, No. 24-CV-02612-NC, 2024 WL 5264041, at *3 (N.D. Cal. Dec. 30, 2024) ("Courts routinely take judicial notice of terms of service and other policies, including content from Internet Archive's Wayback Machine."). Moreover, the TOS is incorporated by reference because the Complaint alleges a cause of action related to Meta's disabling of Plaintiff's Page, and the TOS is the contract that governs Meta's handling of Facebook user content and relationship with Facebook users, including Plaintiff. *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015) (rejecting plaintiff's contention that the Court could not consider defendant's privacy policy because plaintiff's claim did not depend on its contents and holding that defendant's privacy policy was properly the subject of judicial notice because "[p]laintiff's claim necessarily depends on the application of Zimride's policies").

*Twombly*, 550 U.S. at 545. A court cannot assume a plaintiff can prove facts he has not alleged. *Id.* at 563 n.8 (quoting *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)). Legal conclusions—even if couched as factual allegations—need not be accepted as true. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539–40 (N.D. Cal. 2005) (dismissal with prejudice may be appropriate when it "would be inequitable or prejudicial to defendant to allow plaintiff to refile the action.") (quoting *Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D.Cal.1993), aff'd sub nom. *Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir.1995)). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 679).

A plaintiff is required to follow the Federal Rules of Civil Procedure and the District Court's Local Rules regardless of *pro se* status. *Narog v. Certegy Check Servs., Inc.*, 759 F. Supp. 2d 1189, 1192 (N.D. Cal. 2011) ("[P]ro se pleadings must still allege facts sufficient to allow a reviewing court to determine whether a claim has been stated."); *see also* Civ. L.R. 3-9 (stating a *pro se* litigant "is bound by the Federal Rules, as well as by all applicable local rules.").

## IV. ARGUMENT

### A. The Complaint Fails to State a Claim Against Meta for Tortious Interference.

To state a claim for tortious interference with business relations under California law,[3] a plaintiff must establish five elements: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [wrongful] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Dolin v. Facebook, Inc.,* No. 18-CV-0950-SBA, 2018 WL 2047766, at *3 (N.D. Cal. May 2, 2018); *Cont'l Advisors S.A. v. GSV Asset*

---

[3] Plaintiff alleges that "the business tort law of the State of California" applies. Compl. ¶ 50. The TOS also provide that California law applies to any claim that arises out of Plaintiff's access or use of Meta products. *See* Duffy Decl., Exs. A and B § 4.4.

*Mgmt., LLC*, No. 14-CV-05609-YGR, 2015 WL 7720752, at *7 (N.D. Cal. Nov. 30, 2015). Plaintiff has not offered well-pled allegations for a single element of his claim.

*First,* Plaintiff's tortious interference claim fails because he does not allege an existing economic relationship between Plaintiff and any specific third party. Instead, the extent of Plaintiff's allegation is that by disabling his Facebook Page for his law firm, he lost the ability to have clients target him. *See* Compl. ¶ 23. However, vague allegations regarding a business relationship with a yet unidentified party are patently insufficient. *See Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*, 521 F. Supp. 3d 929, 961 (S.D. Cal. 2021) ("Courts have held that a tortious interference claim that rests on a hope of future transactions is insufficient to support a claim of tortious interference.") (cleaned up); *see also Song v. Drenberg*, No. 18-CV-06283-LHK, 2019 WL 1998944, at *7 (N.D. Cal. May 6, 2019) (dismissing tortious interference claim where plaintiff "fail[ed] to name a single entity or person with whom [they] might have had a prospective business relationship with …"); *Olson v. World Fin. Grp. Ins. Agency, LLC*, No. 24-CV-00477-EJD, 2024 WL 3498572, at *4 (N.D. Cal. July 19, 2024 ("[A]bsent some allegations regarding an existing relationship between [plaintiff] and some third party, [plaintiff] has not plausibly alleged the first element to state a claim for tortious interference with economic advantage."); *Verde Media Corp. v. Levi*, No. 14-CV-00891-YGR, 2015 WL 374934, at *10 (N.D. Cal. Jan. 28, 2015) (dismissing tortious interference with business relations claim where plaintiff failed to allege "in a non-conclusory manner, any preexisting relationship with a specifically identified third party with whom defendants interfered").

To the contrary, Plaintiff specifically alleges that the suspension of his law firm Page interfered only with some ***hypothetical*** economic relationship—*i.e.*, "clients targeted to [him]…." *See* Compl. ¶ 22; *see also id.* at p. 1 (alleging that suspension of his page "affect[ed] any client [he] ***may*** have in the Fourth Circuit U.S. Court of Appeals") (emphasis added); *id.* ¶ 27 ("[T]he main impact is on my ability to communicate with disabled clients who ***may wish*** to have my services…") (emphasis added). This too is insufficient to state a claim. *Dolin v. Facebook, Inc.*, 2018 WL 2047766 at *3 (no tortious interference with business relations claim alleging that Facebook interfered with plaintiff's relationship with "individual who allegedly '***may*** be interested

in buying [product]" from plaintiff) (emphasis added); *Silicon Labs Integration, Inc. v. Melman*, No. C-08-04030-RMW, 2010 WL 890140, at *2 (N.D. Cal. Mar. 8, 2010) ("To the extent plaintiff alleges interference with hypothetical, 'potential,' or 'prospective' relationships, the claim is not cognizable under California law."). Plaintiff's reference to "followers on [his] Facebook page" (*see* Compl. ¶ 20) is also inadequate to establish an existing economic relationship. *See Dolin*, 2018 WL 2047766, at *3 ("Plaintiff's reference to 'Facebook users' is too ambiguous and speculative to establish the existence of an economic relationship … [T]he possibility that some Facebook users may have communicated with Plaintiff does not ipso facto demonstrate the existence of an economic relationship, let alone one that would likely benefit him economically.").

*Second,* because Plaintiff fails to identify any existing economic relationship, he necessarily fails to allege that Meta knew of any such relationship. *See Johnson v. Meta Platforms, Inc.*, No. 22-CV-05691-BLF, 2023 WL 5021784, at *4 (N.D. Cal. Aug. 4, 2023) (dismissing tortious interference with prospective economic relations claim with prejudice where plaintiff failed to allege that Meta knew about "particular relationships").

*Third,* Plaintiff fails to allege that Meta engaged in "an independently wrongful act" or that Meta either desired to bring about the interference or knew that the interference was certain or substantially certain to occur as a result of its action, as is required to satisfy the third element. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1154-58 (2003); *Weintraub Fin. Servs., Inc. v. Boeing Co.*, No. 20-CV-3484-MWF, 2020 WL 6162801, at *8 (C.D. Cal. Aug. 7, 2020); *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 902 P.2d 740, 751 (1995) ("[A] plaintiff seeking to recover for an alleged interference with prospective contractual or economic relations must plead … that the defendant … engaged in conduct that was wrongful by some legal measure other than the fact of interference itself."). "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co.*, 63 P.3d 937 at 954. Here, Plaintiff's claim arises solely from Meta suspending his Facebook Page—which is expressly permitted under the TOS. *See supra*, § II.B. Meta's alleged conduct was consistent with the TOS. *See Dolin*, at *4 (finding no wrongful act where Meta acted pursuant to the Terms of Service); *Johnson*, 2023 WL 5021784,

at *6 (complaint dismissed where Instagram disabled account in response to trademark infringement allegations); *see also Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 101 (2d Cir. 2010) (online platform would be at risk for contributory trademark infringement if it "had reason to suspect" specific users were infringing a mark). The closest Plaintiff comes to alleging anything "wrongful" are conclusory allegations that he believes Facebook had "no good reason" for the suspensions, was "punishing" him, and violated his purported "rights." *See* Compl. ¶¶ 36-38. But this is plainly conclusory and thus insufficient because Plaintiff does not plead facts as to why the suspensions were wrongful. *See Johnson* 2023 WL 5021784, at *4 (rejecting conclusory allegation that suspension of Instagram account was "intentional and improper"). Plaintiff also fails to allege any facts suggesting that Meta knew that interference to an existing economic relationship was certain or substantially certain to occur as a result of Meta's purported suspension of Plaintiff's Page.

*Fourth*, Plaintiff fails to sufficiently plead that any existing relationships were actually disrupted. Rather, he "offer[s] nothing more than conclusory allegations, unsupported by facts, that [his] economic relationship was disrupted[,]" and "does not plead sufficient facts to state a plausible claim for relief (and likely cannot do so based on the facts pled)." *Soil Retention*, 521 F. Supp. 3d at 963; *First Am. Cinema, LLC v. Chicken Soup for the Soul Ent., Inc.*, No. CV199577PSGGJSX, 2020 WL 11025582, at *6 (C.D. Cal. Mar. 12, 2020) (dismissing tortious interference claim where plaintiff failed to allege "specific economic relationships that were disrupted").

*Finally*, Plaintiff's bare-bones demand for $5 million is unsupported by any allegation of economic harm. *See Cont'l Advisors S.A., LLC*, 2015 WL 7720752, at *7 (granting motion to dismiss tortious interference with business relations claim where complaint lacked allegations regarding any specific lost contracts, failed negotiations, or the like); *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (plaintiff failed to state a tortious interference with prospective economic relations claim where it did not allege "for example, that it lost a contract nor that a negotiation with a [c]ustomer failed").

### B. Section 230 of the Communications Decency Act Independently Bars Plaintiff's Claim.

Plaintiff's tortious interference with business relationships claim fails for the independent

reason that it is barred as a matter of law by Section 230 of the Communications Decency Act, 47 U.S.C. § 230. Section 230(c)(1) provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Section 230(e)(3) gives teeth to this intent by stating unequivocally that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3). Section 230 is to be "construed broadly, 'to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles.'" *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 206 (2017). Importantly, Section 230 bars claims based on a service provider's decisions about "reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content." *Reaud v. Facebook Inc.*, No. 23-CV-06329-AMO, 2024 WL 4126066, at *4 (N.D. Cal. Sept. 9, 2024).

Courts routinely find that Section 230 bars complaints alleging that Meta improperly denied the plaintiff access to Facebook or removed the plaintiff's content from Facebook. *See id.* at *5 (holding that Section 230 immunized Facebook against claim based on Facebook "blocking" Plaintiff from Facebook); *Loomer v. Zuckerberg*, No. 22-CV-02646-LB, 2023 WL 6464133, at *12 (N.D. Cal. Sept. 30, 2023) (dismissing claims against Facebook on Section 230 grounds, explaining that "website operators generally are immune from liability … for removing [third-party] content"); *Shared.com v. Meta Platforms, Inc.*, No. 22-CV-02366-RS, 2022 WL 4372349, at *3 (N.D. Cal. Sept. 21, 2022) (dismissing claims involving Meta's "decision to suspend Plaintiff's access to its Facebook accounts," explaining that Meta's decision is "a quintessential editorial decision of the type that is 'perforce immune under section 230'"); *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1119 (N.D. Cal. 2020) (holding that Section 230 barred claims based on "Facebook's decision not to publish [plaintiffs'] content" by terminating plaintiffs' accounts); *Zimmerman v. Facebook, Inc.*, No. 19-CV-04591-VC, 2020 WL 5877863, at *1 (N.D. Cal. Oct. 2, 2020) (holding that "[t]he plaintiffs' claims relating to the defendants' decision to block access to their Facebook profiles are barred by" Section 230); *Sikhs for Just., Inc. v. Facebook, Inc.*, 697 F. App'x 526, 526 (9th Cir. 2017) (concluding that Facebook was entitled to immunity under Section

230 where plaintiff sought to hold Facebook liable for blocking plaintiff's online content); *see also Lewis v. Google LLC*, 461 F. Supp. 3d. 938, 955 (N.D. Cal. 2020) (holding that Section 230 barred tortious interference with economic advantage claim where plaintiff alleged that certain content he posted to YouTube was removed or restricted).

Under Section 230(c)(1), a claim should be dismissed if (1) the defendant is a "provider … of an interactive computer service[;]" (2) the content at issue was "provided by another information content provider[;]" and (3) the plaintiff's claim treats the defendant as the "publisher or speaker" of that content. 47 U.S.C. § 230(c)(1). All three elements are present here.

### 1. Meta is an interactive computer service provider.

Section 230 defines an interactive computer service provider as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2). Courts have uniformly held that Meta meets Section 230's "interactive computer service provider" definition. *See, e.g.*, *Loomer v. Zuckerberg*, 2023 WL 6464133, at *12 (N.D. Cal. Sept. 30, 2023) (Facebook "qualifies as an interactive computer service [provider]."); *Fed. Agency of News LLC*, 432 F. Supp. 3d at 1117 (N.D. Cal. 2020) ("Facebook is unquestionably an interactive computer service, as the Court previously held."); *Sikhs for Just.*, 697 F. App'x at 526 ("[I]t is undisputed that Facebook is an interactive computer service provider.").

### 2. The content at issue was provided by another information content provider.

Section 230 protection applies to content "provided by another information content provider," which is defined as someone who is "responsible, in whole or in part, for the creation or development of" the content at issue. 47 U.S.C. § 230(c), (f)(3). Here, the "content" at issue was provided by "another information content provider"—Plaintiff himself. Indeed, the Complaint "nowhere alleg[es] that Facebook provided, created, or developed any portion" of the content at issue. *Fed. Agency of News LLC*, 395 F. Supp. 3d at 1305–06 (finding information for which Plaintiffs sought to hold Facebook liable for removing was not provided by Facebook, but by plaintiff himself); *Sikhs for Just.*, 697 F. App'x at 526 (finding that Section 230 applies where "[plaintiff], not Facebook, is the party solely responsible for creating and developing the content

on [plaintiff]'s webpage"). As such, the second element is met here because the content at issue was provided by Plaintiff and not Facebook.

### 3. Plaintiff's claim seeks to hold Meta liable as a "publisher."

The final element to consider is whether Plaintiff seeks to hold Facebook liable as a publisher or speaker of Plaintiff's content. "[P]ublication involves reviewing, editing, and deciding whether to publish or to *withdraw from publication third-party content*." *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d at 1119. Here, Plaintiff's tortious interference with business relations claim seeks to hold Meta liable for purportedly withdrawing from publication Plaintiff's Facebook Page. *See generally* Compl. Such a claim—which "seek[s] to hold [Facebook] liable for its decision to remove third-party content from Facebook"—"is a quintessential editorial decision of the type that is 'perforce immune under section 230.'" *See Shared.com*, 2022 WL 4372349, at *3 (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009)); *see also Reaud,* 2024 WL 4126066, at *5 (finding that claim based on Facebook "blocking" Plaintiff from Facebook seeks to hold Facebook liable for its decisions as a "publisher" and thus Facebook is entitled to immunity under Section 230); *Loomer*, 2023 WL 6464133, at *13 (Facebook's decision to exclude third parties' content was "perforce immune under Section 230"); *Fed. Agency of News LLC*, 432 F. Supp. 3d at 1119 (holding that Section 230 barred claims based on "Facebook's decision not to publish [plaintiffs'] content" by terminating plaintiffs' accounts); *Sikhs for Just.*, 697 F. App'x. at 526 (concluding that Section 230 applies because plaintiff "seeks to hold Facebook liable as a publisher for … blocking … [plaintiff's] online content").

Thus, because Plaintiff's claim attempts to treat Meta as the publisher or speaker of the content at issue, Section 230(c)(1)'s final requirement is met.

### C. Plaintiff Should Not Be Granted Leave to Amend.

Leave to amend is inappropriate if "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Here, leave to amend would be inappropriate for two reasons.

*First*, as established above (*see* Section IV.A. *supra*), Plaintiff has failed to state a tortious interference with business relations claim and because he alleges that Meta's action "affect[ed] any

11
DEFENDANT'S MOTION TO DISMISS
Case No. 24-cv-8625-PHK

client [he] *may* have," he effectively alleges that he did not have any existing economic relationships, and thus no additional facts could be pled in an amended complaint to assist his claim. *Second*, Plaintiff's claim will be barred by Section 230 no matter what additional facts he pleads (*see* Section IV.B. *supra*)—which is why courts generally deny leave to amend when Section 230 applies to bar claims, which cannot be "circumvent[ed]" with "creative pleading." *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1265-66 (9th Cir. 2016); *see, e.g., Sikhs for Just.*, 697 F. App'x. at 526 (concluding that district court properly dismissed plaintiff's claim with prejudice, reasoning that plaintiff's claim is barred by Section 230 and thus granting plaintiff leave to amend its complaint would have been futile). Because Plaintiff "cannot allege additional plausible facts to escape Section 230[,] amendment would prove futile" and the Court should dismiss Plaintiff's Complaint with prejudice. *Reaud*, 2024 WL 4126066, at *5.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Dated: February 12, 2025

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Jacob M. Heath*
Jacob M. Heath

Attorney for Defendant
META PLATFORMS, INC.