JACOB M. HEATH (STATE BAR NO. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone:   +1 650 614 7400
Facsimile:   +1 650 614 7401

RYAN D. BOOMS (STATE BAR NO. 329430)
rbooms@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:   +1 202 339-8400
Facsimile:   +1 202 339-8500

Attorneys for Defendant
Meta Platforms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW U.D. STRAW,<br><br>         Plaintiff,<br><br>    v.<br><br>FACEBOOK,<br><br>         Defendant. | Case No. 24-cv-8625-PHK<br><br>**DEFENDANT META PLATFORMS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**<br><br>Date:        March 28, 2025<br>Time:       1:00 pm<br>Courtroom: F, 15th Floor<br>Judge:      Hon. Peter H. Kang |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Defendant Meta Platforms, Inc. ("Meta")[1] requests that this Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the Meta's Terms of Service.  Meta makes this request in support of its Motion to Dismiss Plaintiff's Complaint With Prejudice, filed concurrently herewith.  True and correct copies of the documents for which judicial notice is requested are attached to the Declaration of Michael Duffey, also filed concurrently herewith.

## I. INTRODUCTION

Meta respectfully requests that this Court take judicial notice of the Meta's Terms of Service in force at the time of the alleged suspension of Plaintiff's Facebook Page.  Declaration of Michael Duffey ("Duffey Decl."), Ex. A.  Meta also respectfully requests that this Court take judicial notice of the same Terms of Service, preserved by the Internet Archive's WayBack Machine as of December 8, 2024 as it was published by Meta.  Duffey Decl., Ex. B.  True and correct copies of these documents are attached to the Declaration of Michael Duffey.

## II. LEGAL STANDARD

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "must consider the complaint in its entirety, as well as … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 14 U.S. 308, 322 (2007).  Courts may take judicial notice of facts that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Facts are not subject to reasonable dispute that (1) are "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.*  Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

### A. Judicial Notice of Websites

Publicly accessible websites are "[p]roper subjects of judicial notice when ruling on a

---

[1] Plaintiff erroneously sued "Facebook."  Meta was formerly known as Facebook, Inc.  It changed its name to Meta on October 28, 2021.  For ease of reference, Meta refers to itself as Meta herein.

motion to dismiss." *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) (taking judicial notice of web pages). Courts routinely take judicial notice of publicly available terms of service. *See, e.g., In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020) (taking judicial notice of Meta's privacy policy); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (taking judicial notice of Google's Terms of Service, Privacy Policy, and a Google blog post); *Matera v. Google, Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (taking judicial notice of Google's Terms of Service, "archived versions" of Google's privacy policy, and a Google web page entitled "Updates: Privacy Policy"). Courts may also take judicial notice of websites that have been preserved by the Internet Archive's WayBack Machine. *See Yoon v. Meta Platforms, Inc.*, No. 24-CV-02612-NC, 2024 WL 5264041, at *3 (N.D. Cal. Dec. 30, 2024) ("Courts routinely take judicial notice of terms of service and other policies, including content from Internet Archive's Wayback Machine."); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

### B.     Incorporation by Reference

Documents incorporated by reference into a complaint—*i.e.*, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [complaint]"—may also be considered in connection with a Rule 12(b)(6) motion. *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). Such a document may be treated "as though [it is] part of the complaint itself," and the court may generally "assume [its] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1003 (9th Cir. 2018) (quotations and citations omitted).

This doctrine applies where "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). This rule

"prevent[s] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting … documents upon which their claims are based." *Id.*

### III.     ARGUMENT

The Court may consider the Terms of Service because it is both the proper subject of judicial notice and has been incorporated by reference into the Complaint. *First*, the Terms of Service, as preserved by the Internet Archive's WayBack Machine as the Terms existed on December 8, 2024 (*see* Duffey Decl., Ex. B), is the proper subject of judicial notice. The content of this publicly available website is "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. Rule 201(b) & (b)(2). Indeed, "[c]ourts routinely take judicial notice of terms of service and other policies, including content from Internet Archive's Wayback Machine." *Yoon v. Meta Platforms, Inc.*, 2024 WL 5264041, at *3; *see also Matera v. Google, Inc.*, 2016 WL 5339806, at *7 (taking judicial notice of "archived versions" of Google's privacy policy). Therefore, the Terms of Service, preserved by the Internet Archive's Wayback Machine as the Terms existed on December 8, 2024, is subject to judicial notice.

*Second*, the Terms of Service is also incorporated by reference because it was in effect at the time of the alleged suspension of Plaintiff's Facebook Page, and Plaintiff's claim regarding the purported suspension of his Facebook Page necessarily depends on the contents of the Facebook Terms of Service. *See Knievel*, 393 F.3d at 1076 (incorporation by reference is appropriate where "plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document"). To adequately plead a tortious interference with business relations claim, Plaintiff must allege that Meta committed an independently wrongful act. Thus, his claim hinges on whether Meta's suspension of his account and law firm business page was wrongful under the applicable Terms of Service. As discussed in Meta's Motion to Dismiss, the Terms of Service in effect at the time of the purported suspension expressly permitted the company to suspend Plaintiff's account and business page. Because the purported suspension was authorized by the Terms of Service, it cannot constitute an independently wrongful act, and Plaintiff's tortious interference with business

relations claim necessarily fails. As such, it is appropriate for the Court to take judicial notice of the Terms of Service.

## IV.     CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court take judicial notice of the Terms of Service as attached to the Duffey Declaration as Exhibits A and B, filed concurrently herewith.

Dated: February 12, 2025                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Jacob M. Heath*
    JACOB M. HEATH
    Attorney for Defendant
    Meta Platforms, Inc.