IN THE
# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

450 Golden Gate Avenue
San Francisco, CA 94102
415-522-2000

| | | |
|---|---|---|
| ANDREW U. D. STRAW, | ) | Case No.: 3:24-cv-08625-PHK |
| *Plaintiff*, | ) | |
| | ) | Hon. Peter H. Kang |
| v. | ) | Judge Presiding |
| | ) | |
| FACEBOOK, | ) | |
| *Defendant*. | ) | JURY TRIAL NOT DEMANDED |

## RESPONSE TO MOTION TO DISMISS

I, *plaintiff* Andrew U. D. Straw make this **RESPONSE**:

## FACTS & LAW

1. The Court was requested to grant *in forma pauperis* status at **Dkt. 2**. No action has happened on this as yet. My financial situation is not significantly different now from then.

2. Both plaintiff and defendant have consented to Magistrate Judge jurisdiction to decide matters in this case.

3. My complaint was filed at **Dkt. 1**.

4. Defendant waived service after notice of lawsuit and request for waiver were provided by email to defendant and dated **12/10/2024**. Defendant filed a motion to dismiss (**Dkt. 7**) and proposed order of dismissal on **February 12, 2025. Dkt 7-1**.

5. Thus, there can be no challenge to service, especially with the motion to dismiss in the record.

6. No answer has been filed as of this date.

## MOTION TO DISMISS: FACTS

7. Facebook did suspend my page under the name Andrew U. D. Straw, Esq.

8. This suspension went on indefinitely until I filed this lawsuit over my explicit objections.

9. Then, miraculously, Facebook informed me that my page did not violate the Community Guidelines and so it was reinstated. This is an admission by Facebook that my long page suspension was not in good faith or for any good reason.

10. The problem is that it took my lawsuit here to get Facebook to see that my page and its speech in favor of *disability rights* did not violate any guideline and should not have been suspended.

11. Every person on Facebook who might have had an appeal to make before the 4th Circuit was kept from knowing about me on Facebook, the preeminent social media service on the Internet.

12. If I wanted to buy ad space in a newspaper and the newspaper singled me out to prevent me from communicating with the public, that would also be tortious.

13. I am a lawyer admitted to the Fourth Circuit U.S. Court of Appeals bar in good standing and have had that status since 1999.

14. I have been an advocate for court reforms such as removing the ban on all disabled people being lawyers in the State of Indiana. http://ban.andrewstraw.com

15. I believe that when state courts punish people for using the federal courts to ask disability rights reforms, as happened to me, it is the state courts that are morally bankrupt and violating ethics such as ABA Rule 8.4(g) (disability). This is why I am an expert on court corruption that violates the rights of disabled people. I am mentally and physically disabled from U.S. Marine Corps poisoning at Camp LeJeune and by a reckless driver as I drove to the Indiana Supreme Court to work in 2001. The discrimination has been relentless and my national property expert has described it, entered in the record of another case before this Court, as has the Virginia State Bar. *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal. 2023) (**Dkts. 22-21, 22-22**).

## MOTION TO DISMISS: LAW

16. It is not possible for me to know who will have a federal lawsuit in the Fourth Circuit and who of that number will need to appeal.

17. Every single such person is the other side of my matter. Because blocking me from communicating on Facebook makes it much harder for that connection to happen.

18. Regarding CDA 230(c)(1), we are not talking about speech that Facebook reposted from somewhere else or speech in general that someone else posted on my page. Haters and trolls, for instance.

19. We are talking about the **ACTION** of Facebook **suspending my page** for many months and then reinstating it because I filed this lawsuit, admitting in the process that Facebook had **no reason to suspend my page**.

20. CDA 230 is not about actions of the hosting provider or service. It is about speech that is protected because Facebook in this case did not post it but only hosted it.

21. There is a very real difference between the action of **suspending** and simply letting other people like me post things with immunity.

22. Because most of the posts that I made were about disability rights, there is a very strong likelihood that Facebook suspended my page in order to punish that pro-disability rights speech. That too is not protected activity under CDA 230. In fact, it represents collusion between Facebook and the courts that I criticized for their discrimination in violation of the Americans with Disabilities Act of 1990, Title II, and the regulations under Title II. Title II and the anti-retaliation provisions include a damages provision that covers both public entities that discriminate and private ones that collude in protecting it.

## CONCLUSION

23. I would ask the Court to deny the motion to dismiss under the tortious interference claim because it is not possible to list every person who might use the Fourth Circuit or need help evaluating the disability discrimination and corruption of any state or federal court. Those are the services I can provide.

24. I would ask the Court to deny the motion to dismiss under the CDA 230 theory because the actions I raised are not those of an external entity or myself, but the **suspension action taken by Facebook until I filed this lawsuit**.

25. If the tortious interference claim is dismissed, I would ask the Court to grant me leave to amend to switch to an ADA Title II and regulations theory.

WHEREFORE, under both the CDA 230 and arguments against tortious interference, the motion to dismiss should be denied. In the alternative, I should be allowed to amend to provide an ADA Title II discrimination and collusion and retaliation claim instead. If the Court wishes to see what I wrote in that regard, it can find my page on Facebook under the name **"Andrew U. D. Straw, Esq."**

I, Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: **February 18, 2025**.

Respectfully,

*[signature: Andrew U. D. Straw]*

s/ ANDREW U. D. STRAW
9169 W State St. #690
Garden City, ID 83714
Telephone: (847) 807-5237
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that I filed the above **RESPONSE TO THE MOTION TO DISMISS** with the Clerk of the U.S. District Court for Northern District of California by CM/ECF on **February 18, 2025,** at. It will be available on PACER.gov hereafter.

Respectfully submitted,

s/ ANDREW U. D. STRAW
9169 W State St. #690
Garden City, ID 83714

Telephone: (847) 807-5237
andrew@andrewstraw.com