IN THE
# Circuit Court for
# City of Richmond, Virginia

|  |  |  |
|---|---|---|
| ANDREW U. D. STRAW, | ) | |
| *Plaintiff,* | ) | |
|  | ) | Case No: _CL24003538-00_____ |
| v. | ) | |
|  | ) | |
| BARBARA LANIER (VSB CLERK), | ) | **JURY TRIAL REQUESTED** |
| VIRGINIA STATE BAR, & | ) | |
| STATE OF INDIANA, | ) | Hon. _____ |
| *Defendants.* | ) | Judge Presiding |

## MOTION FOR JUDICIAL NOTICE

I, Andrew U. D. Straw, *plaintiff* in this action, MOVE as follows:

## FACTS & LAW

1. NB: Informal Online Docket: http://vb.andrewstraw.com

2. On information and belief, this Court is now considering the motions that were pending when this case was transferred to this Court in 2024 from Virginia Beach Circuit Court. This is on my understanding being done on the papers due to my extreme distance from the Court, 12 time zones away in Occidental Mindoro, The Philippines. And the fact that during the rainy season, now, both Internet and electric service are not reliable here.

1

3. I have asked the Court in deciding on the motions to consider Indiana's actions and whether I may pursue an ADA claim.

4. In making that determination, I wish to provide more evidence of ADA Title II violations by Indiana.

5. When a state fails to communicate for extremely long periods of time with a disabled person asking for services, this amounts to **"deliberate indifference"** under the ADA. I am making a similar "failure to communicate" ADA Title II "deliberate indifference" claim in federal court against the State of Maine. *See*: Straw v. State of Maine Vocational Rehabilitation, 1:25-cv-00350-JAW-KFW (D. Me.)

6. There is an **obligation to communicate**; otherwise, **no services can even be considered much less granted**.

7. I paid my court costs in my discipline case even though the entire matter was bogus and VSB agreed with me, refusing to impose it reciprocally. *See*, Straw v. LinkedIn, 5:22-cv-7718-EJD (N.D. Cal. 2023), **Dkt. 22-21**:

https://www.courtlistener.com/docket/66619947/22/21/straw-v-linkedin-corp/

8. A national property rights expert agreed with me several times, both under oath and to help me get a scholarship. See: <u>Straw v. LinkedIn</u>, 5:22-cv-7718-EJD (N.D. Cal. 2023), **Dkt. 22-22**:

https://www.courtlistener.com/docket/66619947/22/22/straw-v-linkedin-corp/

9. See: http://bernacchi.andrewstraw.com

10. I attach as **Exhibit 1** the case docket in that Indiana Supreme Court suspension case as of 7/9/202. <u>In re Straw</u>, 68 N.E.3d 1070 (Ind. 2/14/2017). It is obvious that no ORDER has been issued since **8/28/2017**, AFTER the 180-day suspension was allegedly *over*. My disability rights arguments were not addressed even one time with so very many docket entries asking for the Indiana Supreme Court's relief from the suspension, *inter alia*, which are services.

11. **Nonfeasance for a full 8 years** as of **August 28, 2025**, is the ADA Title II problem I want this Court to notice.

12. Most federal circuits recognize that **<u>deliberate indifference</u>** to communication with disabled people violates the ADA because when no communication or response happens, that person is **<u>excluded from the service</u>** that **<u>could have been granted</u>**. Not just

3

excluded from communication, but from every single service that state entity **could have provided**.

13. Here, that includes $400,000 for the failure of Indiana to compensate my car accident injuries serving the Chief Justice of Indiana and every court in the state. It includes the value of my state and federal law licenses, as Mr. Bernacchi pegged at $5 million. Straw v. LinkedIn, **Dkt. 22-22**.

14. Here, that includes removing the suspension, as was in the power of the Indiana Supreme Court to do over the past 8 years since the suspension was imposed on Valentine's Day, **February 14, 2017**.

15. **No communication** means **no services will be rendered at all,** and in this case, that means the court is shut off to me unless I pay the **$500 clerk fee**, which acts as a paywall higher than the **$419.40** actual costs, which I have already paid. *See*, **Exhibit 1** at bottom.

WHEREFORE, I move the Court to **judicially notice Exhibit 1** and how Indiana has failed to provide me with services, putting a $500 pay wall between me and ADA relief. Please note from the docket entries that many of the petitions and motions and notices and affidavits I presented

over the past 8 years in that suspension case were based on **disability on their face**. Even the titles of the docket entries show this. No paywall should have kept me from getting those filings actioned. The Indiana Supreme Court's **$500 paywall** is a higher cost than initiating a whole new civil lawsuit in that state, which costs **$157**. Thus, to vindicate my ADA Title II rights, I have to pay more than 3x the cost of filing a whole new civil case *after I paid the costs*. This $500 paywall that keeps the Indiana Supreme Court from listening to me and responding to **my true and correct filings under oath** represents **disability discrimination** when applied to me: **"deliberate indifference"** under ADA Title II. This notice should inform the Court with factual docket information provided by the Indiana defendant online that can be found on https://public.courts.in.gov/mycase/ for free on the Internet by anyone. This may be helpful in deciding whether I should be allowed to amend my complaint with regard to Indiana to add ADA Title II claims. Given how the 7th Circuit has violated me, as I documented at the U.S. Supreme Court (www.supremecourt.gov), with my *unopposed* petition for certiorari in docket 17-8005, there are no state or federal courts that can provide me with justice in Indiana or the entire 7th Circuit area. The 7th

Circuit currently blocks my ability to make **any filing in federal court in its area** because I objected to that Court HIRING MY APPELLEE. See, Straw v. Indiana Supreme Court, et. al., 17-1338 (7th Cir. 2017), **Dkts. 79, 80, 81, 82**. This huge ethical problem and blockage in the judicial branch is front and center in my 17-8005 U.S. Supreme Court petition that was denied for no reason given. Jurisdiction to enforce the ADA, Title II, is *by necessity* somewhere outside of that Midwest silo. The way VSB has ridiculed the "drive-by shooting" that is Indiana's attack on me (Straw v. LinkedIn, **Dkt. 22-21**) and the **8 years of failure to communicate**, amounting to **deliberate indifference**, I should be allowed to pursue my **ADA Title II relief** in this state court against Indiana if the complaint before the Court is not currently adequate. Please take notice of the docket and what it represents. **Exhibit 1**.

I verify on penalty of perjury that the above statements are true and correct or matters of opinion and my viewpoints.  Dated: ==July 10, 2025==.

Respectfully,

*/s/ Andrew U. D. Straw*
s/ Andrew U. D. Straw
9169 W STATE ST #690
Garden City, ID 83714
(847) 807-5237
andrew@andrewstraw.com
www.andrewstraw.com

# CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, hereby certify that on **July 10, 2025**, the foregoing **MOTION FOR JUDICIAL NOTICE** with **1 EXHIBIT** was filed via U.S. Mail with the Court. I also mailed this MOTION and EXHIBIT to opposing counsel via U.S. Mail on the same date and also sent it by email at the following addresses:

Counsel of record:

**VSB DEFENDANTS**
Erin R. McNeill (VSB # 78816)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
Phone: (804) 692-0598
Fax: (276) 628-4375
encneill@oag.state.va.us

**COURT CONTACT INFO**
Clerk of Circuit Court
City of Richmond
John Marshall Courts Building
400 North 9th Street
Richmond, VA 23219
Civil Section: (804) 646-6536
Fax: (804) 646-7274

**INDIANA DEFENDANT**
Mikhail D. Charnoff (VSB # 43929)
Zachary Boron (VSB # 95352)
Charnoff Simpson PLLC
111 Church Street NW
Suite 202A
Vienna, VA 22180
mike@simpsoncharnoff.com
zach@simpsoncharnoff.com

Respectfully submitted,

*[signature: Andrew U. D. Straw]*

s/ Andrew U. D. Straw (formerly VSB # 43651)
9169 W STATE ST #690
Garden City, ID 83714
(847) 807-5237
andrew@andrewstraw.com                              www.andrewstraw.com

IN THE
# Circuit Court for
# City of Richmond, Virginia

|  |  |
|---|---|
| ANDREW U. D. STRAW,<br>*Plaintiff,*<br><br>v.<br><br>BARBARA LANIER (VSB CLERK),<br>VIRGINIA STATE BAR, &<br>STATE OF INDIANA,<br>*Defendants.* | Case No: _CL24003538-00_____<br><br>**JURY TRIAL REQUESTED**<br><br>Hon. _____<br>Judge Presiding |

## ORDER

The Court takes Andrew U. D. Straw's motion for judicial notice of official documents, the disciplinary case docket for his suspension case in Indiana, provided by the defendant's https://public.courts.in.gov/mycase/ service, under advisement for all purposes.

_____        _____
DATE                                                            HON.

9