# REFORM OF FRIVOLOUS ACT

SEC. 1.  Findings

   (a) State and federal courts have misused the term frivolous to abuse those who are disfavored and outsiders to the legal system, and to punish those with ethical sanctions who committed no crime or dishonest act, but merely used courts when courts do not wish to be open to them.

   (b) The term frivolous is used to criticize court cases and litigants and is often an excuse to impose fines and court filing bans without good reason and as unethical and due process violating punishment.

   (c) Use of the term frivolous in legal contexts needs to be defined and strictly limited in all cases to reduce the possibility of abuse.

   (d) Given courts have the ability to punish dishonesty or crimes without using the term frivolous, it is possible for a federal or state judge to simply apply the law and go an entire career without ever having said or used the term frivolous.

   (e) Congress finds frivolous to be overused and abused and judges who use it are often biased and have entanglements with one side of a conflict or litigation.

   (f) Use of "frivolous" as judge *dicta* should have no legal or ethical consequence. Being labeled as frivolous without due process to defend against that accusation is meaningless as a matter of law and ethics. Frivolous in such cases is like saying "dumb" or "worthless." Without due process, frivolous is simply an insult, not a legal finding of any value. It is no different from calling a person an idiot or a jerk. Courts should avoid using the term frivolous.

SEC. 2.  Title.  This Act shall be known as the "Reform of Frivolous Act."

# REFORM OF FRIVOLOUS ACT

SEC. 3.  Scope.

  (a) All statutes and regulations and actions of federal government officers and agencies shall be covered by this Act with no exceptions. This shall include all judges, justices, and court officers.

  (b) Every time the term frivolous is used in any context, the definition of that concept shall be governed by this statute and not any common law or judicial inventions.

SEC. 4.  Frivolous Defined to Avoid Oppression of Petitioning Rights

  (a) Frivolous must be distinguished from not stating a claim or otherwise being a weak case. Weak cases are not frivolous without more. If a court finds a case to be weak on the evidence presented or the law asserted, it should be labeled as weak, not frivolous, and this includes language in *dicta* of the court. A court is not free to label anything frivolous that it wants. Specific findings must be made to use that term.

  (b) Frivolous only means that no evidence (verbal or written) whatsoever was provided *and* no legal theory was presented to justify the court filing. Both lack of evidence and lack of a legal theory must be present to merit the label frivolous. Weak evidence or weak or novel legal theories may not be labeled as frivolous.

  (c) Disagreement with a court decision and making a filing to that effect shall not be punished. Such an act is not frivolous or unethical. Such disagreement filings must be protected as a court petitioning right. Litigants must be encouraged to disagree with judges, not punished when they do so. The reason is that judges are public servants and any criticism must be deemed in the spirit of the First Amendment fundamental rights of free speech and freedom to petition government for redress of grievances.

# REFORM OF FRIVOLOUS ACT

(d) Disagreeing with a judge in a court filing is *per se* seeking redress for a *grievance*. No court may punish anyone simply for making any filing even if a filing is disrespectful or discourteous to the court. True statements in particular have heightened protection. There is hereby a statutory and constitutional immunity right under the First Amendment to make any court filing a litigant chooses.

(e) Repetitive motions shall not be labeled as frivolous and shall not be punished beyond mere denial.

(f) Objecting to court decisions because the court has become **entangled** with a litigant is not frivolous and in fact is an important part of opposing abuse of courts by judges and litigants with which they may be entangled.

(g) One may object to any of the following with total immunity from any judge or justice retaliation of any kind, including fines or filing bans, because these represent judge-litigant **entanglement** that is serious, official, and unethical. These situations are *per se* violations of Due Process, making them important to oppose:

   1) A court hiring one of the litigants before it or counsel for a litigant in a matter before it in any role whatsoever, but especially for court clerk or lower judge roles such as bankruptcy judge or magistrate judge; or

   2) A court hiring any litigant that came before it or counsel for a litigant that came before it for 3 years after a matter is decided. A matter in a trial court is decided when a final order is reached and no appeal taken, or at the court of appeals level when a petition for writ of certiorari is denied or the time for filing one has passed after a final order or opinion of the appellate court. The deadline for filing a petition for writ of certiorari shall be the date from whence 3 years is to be calculated. Hiring before the 3 years shall be deemed an

# REFORM OF FRIVOLOUS ACT

    unethical entanglement by the Court that did the hiring. Or,

    3) Any employee of a judge or that court being hired either by an opposing party or counsel for any party during a litigation or ADR, or for 3 years after court employee status ends; or

    4) A party hiring the former law firm of the trial judge to represent it on appeal; or

    5) A court inventing nonsense law to favor one side after violating the above.

    6) A party saying an attorney is not admitted in good standing when that party was in good standing.

    7) Nothing in this subsection shall impede the constitutional ability of the president and the Senate to appoint such a litigant or counsel for a party to the bench of a court where they appeared at any time. However, such person shall recuse from any case where the judge is a litigant due to application of *nemo judex in causa sua*.

(h) No judge or justice may impose any filing ban on any litigant or attorney for any reason short of a criminal act, convicted after due process including trial, or proven dishonesty after full due process, including a hearing. A court may not impose a filing ban unless another court outside that circuit reviews the actions first and which circuit is up to the accused, not the court. To impose a filing ban without a criminal act by the person being punished in that manner is a violation of the right to petition the Court.

(i) A court may not impose any fine short of a criminal act being committed and after full due process, the same as (g) above. Simply disagreeing with a judge in any filing shall not be grounds for any punishment. Even crude or disrespectful language in a filing shall be deemed protected speech under the First Amendment. There

4

# REFORM OF FRIVOLOUS ACT

shall henceforth be no such thing as contempt of court simply for language used to the court. A court litigant has a right to be contemptuous of any political figure, including any judge or justice. Making repetitive filings shall not be punished with a fine. The remedy is to deny a motion, not punish use of the Court.

(j) A court shall never strike or remove any document from a court record for any reason. Every filing must be preserved as presented and available for the public to view in the online case docket.

SEC. 5 Federal Tort Claims Act.

(a) If a judge violates any provision of Section 4, a tort shall be available under the Federal Tort Claims Act and no immunity shall be available to the United States for such a claim. Damages for such violations shall be no less than $10,000 and no more than $1,000,000.

(b) The claims for this new Federal Tort Claims Act shall be made to the Administrative Office of U.S. Courts.

SEC. 6. Statute of Limitations.

(a) There is no statute of limitations or any statute of repose. These FTCA actions under SECTION 5 shall commence being available with the creation and ratification of the U.S. Constitution in 1788.

SEC. 7. Venue & Jurisdiction.

(a) If the FTCA claim under SECTIONS 4 & 5 is denied overtly or by inaction for 180 days, an action may be filed in any U.S. District Court to obtain damages after a bench trial.

(b) Any exclusion under 28 U.S.C. § 1500 shall not apply to actions under this Act.

(c) Any exclusion of reviewing other courts' proceedings shall not apply to cases under this Act because individual judicial immunity

# REFORM OF FRIVOLOUS ACT

remains and payment of damages comes from the Judgment Fund against the United States.

(d) Any exclusions for equitable relief shall not apply. Equitable relief is available in addition to damages.

(e) Standing shall be liberally provided and tester standing shall always be assumed to prevail.

(f) Claims and actions under this Act may only be filed if they include damages above $10,000 or equitable relief. Any violation of SECTION 4 shall be deemed to have no less injury than $10,000.

(g) If an MDL is created to deal with such cases, the claimant or plaintiff shall always be allowed the choice to opt out and opting out is presumed until otherwise stated in writing.

This proposed law was drafted by U.S. Court of Appeals admitted attorney Andrew U. D. Straw on July 14, 2025.

*[signature: Andrew U. D. Straw]*

s/ Andrew U. D. Straw