UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW U.D. STRAW,<br><br>    Plaintiff,<br><br>    v.<br><br>FACEBOOK,<br><br>    Defendant. | Case No. 24-cv-08625-PHK<br><br>**ORDER TO SHOW CAUSE RE: FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS**<br><br>Re: Dkt. 29 |

On December 2, 2024, Plaintiff Andrew U.D. Straw, an attorney who is representing himself in this action, filed the Complaint in this lawsuit contemporaneously with an application to proceed *in forma pauperis* ("IFP"). *See* Dkts. 1-2. The Court granted Plaintiff's IFP application on September 8, 2025. [Dkt. 28]. The Court then undertook the mandatory screening of Plaintiff's Complaint, as required by 28 U.S.C. § 1915(e)(2)(B). By Order dated September 8, 2025, the Court dismissed Plaintiff's Complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous, and for failure to state a claim for relief. [Dkt. 29]. The Court granted Plaintiff leave to file an amended complaint curing the pleading deficiencies discussed in the September 8, 2025 Order, by no later than October 8, 2025. *Id.*

The October 8, 2025 deadline to file an amended complaint has passed by approximately one week. To date, Plaintiff has neither filed an amended complaint nor requested an extension of time from the Court to do so.

The Court's September 8, 2025 Order stated that "[i]f Plaintiff does not file an amended complaint by the ordered deadline or if he cannot cure the identified deficiencies, that may result in negative consequences for this case, including but not limited to a recommendation by this

Court that this action be dismissed with prejudice, either in whole or in part." [Dkt. 29 at 15]. While the Court recognizes that Plaintiff is representing himself *pro se*, he is a licensed attorney and the Court expects that Plaintiff fully understands that the previous admonishment continues to hold true.

The Court possesses the inherent power to dismiss an action *sua sponte* if a plaintiff fails to prosecute their action or fails to comply with court orders. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (dismissal for failure to prosecute); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court orders). Plaintiff was previously informed, and is warned again by this Order to Show Cause, that failure to comply with this Court's orders and failure to prosecute this case will result in negative consequences for Plaintiff's case, including a recommendation for the dismissal of this action with prejudice. Specifically, failure to respond to this Order to Show Cause and failure to file an amended complaint by the new deadline set herein will be found to be a failure to comply with this Court's orders and a failure to prosecute this lawsuit, which will lead to consequences adverse to Plaintiff's lawsuit.

Accordingly, the Court herein **ORDERS** that, by no later than **NOVEMBER 14, 2025**, Plaintiff **SHALL EITHER** (1) file an amended complaint which addresses and cures the deficiencies noted by the Court's September 8, 2025 Order [Dkt. 9]; **OR** (2) file a written request for a further reasonable extension of time in which to file an amended complaint which addresses and cures the deficiencies noted by the Court's September 8, 2025 Order [Dkt. 9]; **OR (3)** file a written response to this Order to Show Cause explaining why this action should not be dismissed for failure to prosecute this case or for failure to comply with this Court's directives and orders.

To be clear, if Plaintiff files, by November 14, 2025, an amended complaint addressing and curing the deficiencies noted in the September 8, 2025 Order, or if Plaintiff files, by November 14, 2025, a written request explaining the good faith bases for a reasonable extension of time in which to file an amended complaint addressing and curing the deficiencies noted in the September 8, 2025 Order, filing of either will be deemed to be a response to this Order to Show Cause and no other written response would be necessary.

If Plaintiff chooses to file a request for a reasonable extension of time in which to file an amended complaint addressing and curing the deficiencies noted in the Court's September 8, 2025 Order, Plaintiff shall explain, in a written response filed by the November 14, 2025 deadline, why an extension of time is warranted under applicable legal standards and how much additional reasonable time is needed to prepare and file such an amended complaint.

If Plaintiff fails to respond to this Order to Show Cause in one of the ways directed herein by the **November 14, 2025** deadline set herein, the Court will issue a report and recommendation that this action be dismissed **with prejudice** for failure to prosecute and failure to comply with court orders, along with an Order directing the Clerk of Court to reassign this case to a district judge for consideration of and to take any action on that report and recommendation.

**IT IS SO ORDERED.**

Dated: October 15, 2025

PETER H. KANG
United States Magistrate Judge